846 F.2d 69
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 CHAFIN COAL COMPANY, a corporation, Plaintiff-Appellant,
v.
UNITED MINE WORKERS OF AMERICA, District 17, United Mine
Workers of America, Local Union No. 9553, United
Mine Workers of America, Defendants-Appellees.
 
 No. 87-2671.
 United States Court of Appeals, Fourth Circuit.
 Argued March 8, 1988.
Decided May 6, 1988.
 John Rollins (David W. Johnson, Lewis, Ciccarello & Friedberg on brief) for appellant.
 Charles F. Donnelly (David J. Hardy on brief) for appellees.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 From 1975 to 1979, the appellant, Chafin Coal Company, ("Chafin") operated its No. 6 Mine in Logan County, West Virginia. In 1979 Chafin began hiring contract miners to operate No. 6, and at the time of this appeal Chafin itself no longer mined coal but with a small staff performed sales and other administrative tasks.
 
 
 2
 Chafin is a signatory to the 1984 National Bituminous Coal Wage Agreement (the "1984 Agreement"). This agreement contains provision for arbitration of all disputes arising under the contract and a proscription against an employer's leasing certain previously operated facilities unless the employer requires the lessee to first offer jobs to the employer's laid-off "panel" of employees.
 
 
 3
 From 1983 until October, 1985, Chafin contracted with Caryco Mining, Ltd. ("Caryco") and its subsidiary to operate the No. 6 Mine. In February of 1986, Delta Coal Company, Inc. ("Delta") took over operations at the mine. Delta refused to hire members of the Caryco "panel" and the United Mine Workers of America ("UMWA") accordingly filed a grievance on the workers' behalf under the 1984 Agreement. Although the 1984 Agreement binds a panel's prior employer, which in this instance was nominally Caryco, the aggrieved panel members proceeded against Chafin, the mine owner. They acted against Chafin because they allege that there was a substantial interrelation of operations, along with common ownership and control, between Caryco and Chafin and that therefore Caryco should be treated as Chafin's alter ego.
 
 
 4
 The Chafin Coal Company is wholly owned by John Chafin, Sr. The President and 51% stockholder of Caryco is John Chafin, Jr., the son of the owner of the Chafin Coal Company. John Chafin, Jr., in addition to acting as President of Caryco, for several years simultaneously managed the day-to-day operation of his father's company. John Chafin's brother, Arthur, owns 49% of Caryco. Caryco and the Chafin Company have the same office address. The same individual, Sandy Gunther, served as personnel director for both Caryco and the Chafin Company, and the Chafin company's accountant represented Caryco at grievance proceedings. Caryco also leased its mining equipment from Chafin.
 
 
 5
 The UMWA's grievance was submitted to arbitration. The arbitrator found that Caryco and Chafin were one and the same employer for purposes of the 1984 Agreement. Accordingly, the arbitrator ruled that Chafin had violated this agreement by not requiring Delta to hire panel members from Caryco's mining operation, and the arbitrator gave an award to the UMWA. On motion to vacate this decision, the district court found that the arbitrator's award "drew its essence"[1] from the 1984 Agreement, and therefore granted summary judgment in favor of the defendants, UMWA. We affirm, on the basis of the opinion of the district court sustaining the award of relief in favor of the Union under the arbitrator's decision.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960)